Paul B. Justi (SBN124727)
LAW OFFICES OF PAUL B. JUSTI
1981 North Broadway, Suite 250
Walnut Creek, CA 94596
T: 925.256.7900
F: 925.256.9204
pbjusti@comcast.net

Attorneys for Plaintiff
DAVID WHITCOMB

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WHITCOMB,<br><br>  Plaintiff,<br><br>  v.<br><br>THE HOME DEPOT, INC., a Delaware corporation; and DOES 1-25, inclusive,<br><br>  Defendants | CASE NO. _____<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff alleges:

**THE PARTIES**

1. Plaintiff DAVID WHITCOMB ("plaintiff" or "Whitcomb") is a resident of the State of California, County of Contra Costa.

2. Defendant THE HOME DEPOT, INC. ("Home Depot") is a Delaware corporation authorized to do business in, and doing business in, the State of California and in the County of Contra Costa.

3. Plaintiff is ignorant of the true names and capacities of defendants DOES 1-25. Plaintiff is informed and believes and thereon alleges that each such fictitiously named

COMPLAINT FOR DAMAGES

defendant was involved in the acts and omissions alleged herein. Plaintiffs will amend this complaint to identify the true names and capacities of such defendants when ascertained.

4. Plaintiff is informed and believes and thereon alleges that each defendant was the agent, employee, representative and/or servant of each other defendant and in committing the acts and omissions alleged herein, each defendant was acting within the scope of such agency, employment, representation and/or servitude such that each defendant is jointly and severally liable for the acts of each other defendant.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction pursuant to 28 U.S.C. §1331 over plaintiff's First and Second Causes of Action for violation of the Family Medical Leave Act, 29 U.S.C §2601 *et seq.* on the grounds that such causes of action arise under the laws of the United States.

6. This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332 over the Complaint in that plaintiff and defendant are citizens of different states and the amount in controversy is in excess of $75,000.

7. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1368 over plaintiff's Third Cause of Action for Wrongful Termination in Violation of Public Policy in that such cause of action arises out of the same facts and circumstances as plaintiff's First and Second Causes of Action.

8. Venue is proper in the Northern District of California because the facts and circumstances giving rise to this complaint arose in the Northern District of California.

## GENERAL ALLEGATIONS

9. Plaintiff Whitcomb was employed by defendant Home Depot commencing in 2004 and was employed by defendant Home Depot for 11 years prior to his termination by defendant Home Depot on or about July 6, 2015. Defendant Home Depot has a formal, written point system regarding tardiness and absences from work, including a provision that after a specified number of points, the employee would be fired. In or about April 2, 2015, plaintiff was

written up for being tardy. Plaintiff was informed that based on the number of points he had, if he was tardy again, he would be fired. Plaintiff pointed out to his supervisor that under the point system, the number of points charged to him was incorrect and under the terms of the point system, one more late arrival to work would not yield the number of points that would trigger termination. Plaintiff's supervisor disregarded the fact that the supervisor was misapplying the policy and threatening to fire plaintiff contrary to the terms of the point system in place.

10.   Defendant Home Depot's misapplication of the point system and the threat to fire plaintiff if he was late one more time even though that was not what was provided for in the point system caused plaintiff severe and debilitating emotional distress and severe and debilitating anxiety. As a result of such severe and debilitating emotional distress and severe and debilitating anxiety, plaintiff Whitcomb went to his doctor who took plaintiff off of work for one week, from April 15, 2015 through April 19, 2015, as a result of plaintiffs severe and debilitating emotional distress and severe and debilitating anxiety over the misapplication of the point system and the threat to fire him. At this time, defendant Home Depot notified plaintiff by letter dated April 13, 2015, that he was eligible for FMLA leave.

11.   Plaintiff Whitcomb provided his doctor's note to defendant Home Depot and defendant Home Depot allowed plaintiff to take such time off of work. At the time that plaintiff presented his doctor's note to defendant Home Depot, plaintiff's store manager, Savannah Leeper, informed plaintiff that he was eligible for up to 90 days of leave if he wished to request such leave. On April 13, 2015, plaintiff accordingly advised defendant Home Depot that he was requesting that his leave be extended to the full 90 days Leeper told him he was entitled to based on his own serious health condition. Defendant Home Depot acknowledged plaintiff's request and his eligibility for FMLA leave pursuant to a written Notice of Eligibility and Rights and Responsibilities dated April 13, 2015.

12.   Plaintiff spoke with multiple Home Depot representatives, including his supervisor, the Human Resources Department and the corporate office, confirming his eligibility for FMLA leave and was told to simply bring a doctor's note at the time that he intended to

3

COMPLAINT FOR DAMAGES

return to work. By letter dated May 28, 2015, defendant Home Depot sent plaintiff a written form entitled FMLA Designation Notice stating that plaintiff's FMLA leave was granted. On the form, there is a section entitled "SECTION 3 – ADDITIONAL INFORMATION REQUIRED" for use if defendant Home Depot required additional information regarding the employee's request for FMLA leave. On the May 28, 2015 notice to plaintiff Whitcomb informing him that his FMLA leave was granted, no additional information was requested and such Section 3 was blank.

13.     Notwithstanding the fact that defendant Home Depot had approved plaintiff's request for FMLA leave on May 28, 2015, defendant Home Depot sent plaintiff a letter entitled FAILURE TO RETURN NOTICE dated May 28, 2015 – <u>the very same day that defendant Home Depot notified plaintiff that his request for FMLA leave had been approved</u> – informing plaintiff that his leave had expired on April 20, 2015 – a month earlier – and threatening to terminate plaintiff for failing to return to work – notwithstanding the fact that plaintiff had requested and been granted FMLA leave.

14.     The Failure to Return Notice required plaintiff to notify defendant Home Depot by June 11, 2015. Immediately after receiving the Failure to Return Notice, on Monday, June 8, 2015 at approximately 2:04 p.m. plaintiff contacted defendant Home Depot's corporate HR Department and was told that he was required to call the specific Home Depot store where he worked. Immediately after receiving these instructions, on June 8, 2015 at approximately 2:15 p.m., plaintiff contacted the Home Depot store where he worked and spoke to his HR Manager Gretchen Cobb and informed her that he would be returning to work on June 24, 2015 pursuant to his doctor's orders. Later that same afternoon, June 8, 2015, at approximately 3:18 p.m., Cobb called plaintiff back and told him that all he needed was a note from his doctor that he could return to work on June 24, 2015. Plaintiff thereafter contacted his doctor's office, obtained the first available appointment, which was June 23, 2015 and on Sunday, June 14, 2015 at approximately 5:57 p.m. plaintiff contacted Cobb and informed her that he had a doctor's appointment scheduled for June 23, 2015 and would obtain his doctor's note releasing him to

4

COMPLAINT FOR DAMAGES

return to work on June 24, 2015. Defendant Home Depot had no further contact with plaintiff in between these calls and plaintiff's return to work on June 24, 2015 and at no time did defendant Home Depot contact plaintiff to advise him of any additional required documentation.

15.     On June 23, 2015, plaintiff went to his scheduled doctor's visit and obtained a note from his doctor releasing plaintiff to return to work on June 24, 2015. Plaintiff returned to work on June 25, 2015 and presented his doctor's note to defendant Home Depot and commenced working on his regularly scheduled shift, commencing at 1:00 p.m. Plaintiff worked until 3:00 p.m., at which time his supervisor, Leeper, sent him home and told him that he needed another doctor's note, without specifying the deficiency in the one he had presented and that he had to provide that doctor's note within 5 days and further informed plaintiff that he could not return to work until he provided such doctor's note.

16.     Plaintiff contacted Kaiser and requested the earliest possible appointment to try to get the doctor's note required of him to be able to return to work. Kaiser informed plaintiff that the earliest available appointment was July 24, 2015 and on July 1, 2015, at approximately 1:52 p.m., plaintiff contacted Cobb and told her that the earliest possible doctor's appointment was July 24, 2015 to obtain the note she required for him to return to work. Plaintiff had no further contact from defendant Home Depot after such July 1, 2015 telephone conversation, even though plaintiff was otherwise scheduled to work during that time but defendant Home Depot was not permitting him to return to work.

17.     On July 6, 2015, at approximately 9:28 a.m., Gretchen left a voice-mail for plaintiff instructing him to call her because he had not reported to work. Plaintiff called her back on July 6, 2015 at approximately 1:06 p.m. and left a message reminding her that his doctor's appointment to get the doctor's note defendant Home Depot was requiring for him to return to work was not until July 24, 2015. Later that same afternoon, on July 6, 2015, Leeper called plaintiff and terminated him because he had not reported to work, notwithstanding the fact that defendant Home Depot was not allowing plaintiff to return to work.

5

COMPLAINT FOR DAMAGES

18. As a proximate result of the above-described actions, plaintiff suffered severe emotional distress, anxiety, fear, loss of income, loss of benefits and loss of opportunities for career advancement, all in amounts to be proven at trial.

19. Defendant Home Depot's actions were malicious, fraudulent, oppressive and in conscious disregard of plaintiff's rights such that an award of punitive damages is warranted in an amount sufficient to punish, deter and make an example out of defendant Home Depot.

## FIRST CAUSE OF ACTION
## VIOLATION OF FMLA
(Defendant HOME DEPOT)

20. Plaintiff incorporates herein by this reference paragraphs 1 through 19 above as though fully set forth herein.

21. Pursuant to the Family Medical Leave Act, an employee is permitted to be reinstated to his or her position after taking approved FMLA leave and after approving plaintiff's FMLA leave, defendant Home Depot was required to reinstate plaintiff and allow him to return to the position he held prior to taking approved FMLA leave.

22. Rather than permit plaintiff to return to the position he held prior to plaintiff's approved FMLA leave, defendant Home Depot sent him home from work and refused to allow him to return to work – despite the fact that plaintiff presented a doctor's note releasing him to return to work and instead sent him home, refusing to allow him to return to work. After refusing to allow plaintiff to return to work, defendant Home Depot then fired plaintiff for failing to return to work.

23. By refusing to allow plaintiff to return to work after his approved FMLA leave and firing him instead, defendant Home Depot violated the FMLA.

24.  As a proximate result of the above-described actions, plaintiff suffered severe emotional distress, anxiety, fear, loss of income, loss of benefits and loss of opportunities for career advancement, all in amounts to be proven at trial.

25.  Defendant Home Depot's actions were malicious, fraudulent, oppressive and in conscious disregard of plaintiff's rights such that an award of punitive damages is warranted in an amount sufficient to punish, deter and make an example out of defendant Home Depot.

26.  In addition to such damages, plaintiff seeks reinstatement to his former position, plus back pay.

## SECOND CAUSE OF ACTION
## FMLA RETALIATION
(Defendant HOME DEPOT)

27.  Plaintiff incorporates herein by this reference paragraphs 1 through 26 above as though fully set forth herein.

28.  The Family Medical Leave Act prohibits employers from retaliating against their employees for requesting and taking FMLA leave.

29.  In engaging in the above-described actions, including, without limitation, refusing to allow plaintiff to return to work from his FMLA leave and then firing plaintiff for failing to return to work, defendant Home Depot retaliated against plaintiff for requesting and taking FMLA leave.

30.  As a proximate result of the above-described actions, plaintiff suffered severe emotional distress, anxiety, fear, loss of income, loss of benefits and loss of opportunities for career advancement, all in amounts to be proven at trial.

31.  Defendant Home Depot's actions were malicious, fraudulent, oppressive and in conscious disregard of plaintiff's rights such that an award of punitive damages is

warranted in an amount sufficient to punish, deter and make an example out of defendant Home Depot.

32. In addition to such damages, plaintiff seeks reinstatement to his former position, plus back pay.

### THIRD CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
(Defendant HOME DEPOT)

33. Plaintiff incorporates herein by this reference paragraphs 1 through 32 above as though fully set forth herein.

34. The public policy of the State of California prohibits an employer from firing an employee for exercising his or her rights to take protected medical leave. The public policy is embodied in, *inter alia*, the California Family Rights Act, the California state corollary to the FMLA.

35. In firing plaintiff for exercising his rights to protected medical leave, defendant Home Depot wrongfully terminated plaintiff in violation of the public policy of the State of California.

36. As a proximate result of the above-described actions, plaintiff suffered severe emotional distress, anxiety, fear, loss of income, loss of benefits and loss of opportunities for career advancement, all in amounts to be proven at trial.

37. Defendant Home Depot's actions were malicious, fraudulent, oppressive and in conscious disregard of plaintiff's rights such that an award of punitive damages is warranted in an amount sufficient to punish, deter and make an example out of defendant Home Depot.

### PRAYER FOR DAMAGES

WHEREFORE, plaintiff prays for damages as follows:

1. For general damages in an amount to be proven at trial;
2. For special damages in an amount to be proven at trial;

      3.      For back pay and reinstatement to plaintiff's former position;

      4.      For punitive damages in an amount sufficient to punish, deter and make an example out of defendant Home Depot;

      5.      For costs, interest and attorneys' fees as provided by law and/or statute; and

      6.      For such other and further relief as the Court deems fair and just.

Dated: March 9, 2017　　　　　　　　　　LAW OFFICES OF PAUL B. JUSTI


By    */s/ Paul B. Justi*
           Paul B. Justi

Attorney for plaintiff DAVID WHITCOMB

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury.

Dated: March 9, 2017　　　　　　　　　　LAW OFFICES OF PAUL B. JUSTI


By    */s/ Paul B. Justi*
           Paul B. Justi

Attorney for plaintiff DAVID WHITCOMB